UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 10 CR 228 (LTS) |
|  | : |  |
| - against – | : |  |
|  | : |  |
| JO ANN CRUPI, *et al*. | : |  |
| Defendants. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF JO ANN CRUPI'S MOTION TO
SEVER COUNTS FIFTEEN, SIXTEEN, AND SEVENTEEN OF THE INDICTMENT**

Eric R. Breslin (ERB-4487)
**Duane Morris LLP**
*A Delaware Limited Liability Partnership*
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey  07102
Tel: 973.424.2000
Fax: 973.424.2001
erbreslin@duanemorris.com

*Attorneys for Jo Ann Crupi*

Defendant Jo Ann Crupi ("Crupi") by and through Duane Morris LLP, respectfully submits this memorandum of law in support of her motion to sever Counts Fifteen, Sixteen, and Seventeen of the Indictment pursuant to Rule 8 of the Federal Rules of Criminal Procedure.   As set forth below, the granting of this relief is compelled by the Rule, the applicable case law and the interests of justice.

## PRELIMINARY STATEMENT

Ms. Crupi is charged with seven counts of a seventeen-count Indictment. This second Superseding Indictment charges her with conspiracy to commit securities fraud, to falsify records of a broker dealer, and to falsify records of an investment advisor (Count One); substantive securities fraud (Count Two); falsifying records of a broker-dealer (Count Three); falsifying records of an investment advisor (Count Four);  and three counts of tax evasion (Counts 15, 16, and 17) (the "tax counts").

It is the defense's contention that the tax charges against Ms. Crupi were improperly joined with the non-tax counts.  Joinder of a tax charge with a non-tax charge under Rule 8 of the Federal Rules of Criminal Procedure is permissible only if the "tax offenses arose directly from the other offenses charged.."  *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988).  Here, the three tax counts arise from income received from activities entirely distinct from the conduct through which the alleged securities fraud is said to have been perpetrated.  While the income alleged to have been evaded was paid to Ms. Crupi by Bernard L. Madoff Securities, LLC ("BLMIS"), this one slender reed of a nexus is not enough.  There is no allegation that the relatively *de minimus* amounts of income supposedly not declared by Ms. Crupi had anything to do with the underlying securities conspiracy.  In fact, as the Superseding Indictment itself makes

clear, Ms. Crupi properly accounted for the overwhelming percentage of her Madoff-related income.

To be blunt, these tax counts are little more than a "throw-in."  The amounts of the asserted tax shortfall in comparison to the income that was declared make this almost inescapably clear.  But more to the point, these counts have nothing to do with the central thrust of the government's narrative in this case.  They do pose, however, a significant threat of prejudice to Ms. Crupi if they remain part of the larger, already significantly document-intensive and much more complicated case.  For these reasons, Counts 15, 16, and 17 should be severed from Counts 1 through 4.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

Counts One through Four of the Indictment charge Ms. Crupi and others with participating in a decades-long conspiracy to defraud investors by, *inter alia*, creating fictitious trades, creating false records to mislead the SEC and others, and transferring funds in and out of Investment Advisory ("IA") bank accounts while they were employed at BLMIS.  *See* Indictment, ¶¶ 1, 177.

Counts Fifteen, Sixteen, and Seventeen of the Indictment allege that Ms. Crupi failed to disclose as compensation certain allegedly personal charges to a corporate credit card issued to her by BLMIS.  ¶¶ 197-198.  Specifically, the Indictment alleges that, between 2004 and 2008, Ms. Crupi "charged approximately $270,000 in charges to a BLMIS American Express account." Indictment, ¶ 154.  According to the United States, none of this income was reflected in the records of BLMIS or was apparently otherwise reported to the IRS as salary or other form of

compensation to Ms. Crupi. *Id.* ¶ 155. The credit card charges allegedly resulted in taxes due and owing by Ms. Crupi.[1] *Id.*

## ARGUMENT

Rule 8 of the Federal Rules of Criminal Procedure provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. Proc. 8. "When a defendant in a multiple-defendant case challenges joinder of offenses, his motion is made under 8(b) rather than 8(a)." *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988); *see also United States v. Rajaratnam*, 753 F. Supp. 2d 299, 303 (S.D.N.Y. 2010). The Second Circuit has held that "[t]ax counts may be joined with non-tax counts where it is shown that tax offenses arose directly from the other offenses charged." *Turoff*, 853 F.2d at 1043. "The most direct link possible between non-tax crimes and tax fraud is that funds derived from non-tax violations either are or produce the unreported income." *Id.* This is just not the case here.

In *United States v. Halper*, 590 F.2d 422 (2d Cir. 1978), for example, the Second Circuit did not permit the joinder of charges of personal tax evasion with charges of Medicaid fraud. *Id.*

---

[1] As set forth on page 95 of the Superseding Indictment, in 2004 there is alleged to be owing $13,341 in additional tax due and owing , in 2007 there is alleged to be owing $7,955 in additional tax due and owing and in 2008 there is alleged to be owing $19,467 in additional tax due and owing on a return that already declared $2,534,045 in taxable income with a resulting tax of $938,230. There is, we submit, a legitimate question as to whether if this case did not involve Bernard Madoff and BLMIS whether these alleged deficiencies would not be more appropriately pursued in a civil proceeding.

at 428-429.  The evidence in that case showed that the defendant operated a business used to perpetrate the alleged Medicaid fraud.  *Id.* at 429.  The defendant also received certain "side payments," payable either to the defendant or to the company, which the defendant concealed from his accountant and failed to report on his personal income tax return.  *Id.* at 425-428.  The Second Circuit held that the government failed to establish that there was a sufficient "connection" between these activities to permit joinder of the Medicaid fraud and tax fraud charges in a single Indictment.  *Id.* at 429.  Critically, the Court held that the "same or similar character" language in Rule 8(a) requires severance "[u]nless evidence of the joint offenses would be mutually admissible in separate trials, or if not, unless the evidence is sufficiently 'simple and distinct' to mitigate the dangers otherwise created by such a joinder."  *Id.* at 429.

Here, the three tax evasion charges arise out of transactions wholly unconnected to the securities fraud scheme alleged in the non-tax counts.  Thus, there is no link between the conspiracy facilitated through the IA Accounts and the accompanying record keeping violations alleged in Counts 1 through 4, and Ms. Crupi's asserted unreported income from credit card charges in Counts 15, 16, and 17.  The government does not allege that the fraudulent scheme was in any manner facilitated through the American Express  charge account, nor does it allege any relationship between the American Express account and the IA Accounts.  The use of the corporate American Express card and whether certain charges were accounted for properly has absolutely nothing to do with the fraud on investors admitted to by Mr. Madoff and his cohorts and now ascribed to the defendants now before the Court. In fact, the only fact common to the tax counts and the non-tax counts is Ms. Crupi's employment at BLMIS; clearly an insufficient basis for joinder under Rule 8.

To use the *Halper* test, how could evidence of a discrete amount of supposedly undeclared income in non-consecutive years ever be admissible in a securities fraud-Ponzi scheme prosecution?  What would it be proof of?  How would the gross prejudice of this evidence not outweigh whatever fictive probative value the government would assert?  One dispute quite literally has nothing to do with the other.

And how would evidence pertaining to the Ponzi scheme be admissible if Ms. Crupi was being tried separately for tax evasion?  In a "normal" tax evasion prosecution of a salaried employee, the business practices (good or ill) of the payor employer are not admissible..  They are simply not germane to any of the statutorily required grounds for a conviction under 26 U.S.C. § 7201.  Such proofs would be needlessly prejudicial; in this case, of course, the additional aggravating factor of the name "Madoff" makes it even worse.

We believe the law is clear.  Severance is warranted because the evidence of the tax counts would not be admissible in a trial of the securities fraud counts.  *Halper*, 590 F.2d at 431. There is a practical issue as well.  The tax evasion charges involve presenting to the jury possibly hundreds of instances where Ms. Crupi allegedly used the corporate card for her personal benefit during a three-year period.  At a minimum, the government must show that each expense was personal as opposed to a legitimate business expenditure and that they thus constituted additional compensation that should have been disclosed.  This will require proof that each and every credit card charge incurred in 2004, 2007, and 2008 was a personal expense.  To defend against these charges, Ms. Crupi will have to challenge the government with respect to each purchase..  Nothing in these charges bears any relation to securities fraud.  The tax case against Mr. Crupi would be no different than if she had worked for the neighborhood florist, rather than BLMIS.

Similarly, joinder of the tax evasion charges with the securities fraud charges will consume significant trial time and will distract the jury from the more important issue of determining whether Ms. Crupi was a member of the asserted securities fraud conspiracy. The nature of Counts One through Four will alter how Ms. Crupi is portrayed in the courtroom, as the tax counts pale in comparison to the securities fraud conspiracy, both in terms of loss amount and length of time during which the crimes are alleged to have been perpetrated. Moreover, it will be nearly impossible for the jury to avoid the inference that a person who supposedly participated in a massive securities fraud spanning decades is inclined to cheat the IRS . Thus, evidence of Ms. Crupi's personal expenses in 2004, 2007, and 2008 is irrelevant to a securities fraud that purportedly goes as far back as the 1980's.

## **CONCLUSION**

For all of the foregoing reasons, Counts 15, 16, and 17 of the Indictment should be severed.


Dated: Newark, New Jersey
        March 16, 2012

                                        */s/ Eric R. Breslin*
                                        Eric R. Breslin, Esq. (ERB-4487)
                                        **DUANE MORRIS LLP**
                                        One Riverfront Plaza
                                        1037 Raymond Blvd., Suite 1800
                                        Newark, New Jersey  07102
                                        Telephone:  973.424.2000
                                        Facsimile:  973.424.2001
                                        *Attorneys for Defendant Jo Ann Crupi*