UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10 CR 228 (LTS) |
| - against – | |
| JO ANN CRUPI, *et al*. | |
| Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JO ANN CRUPI'S MOTIONS *IN LIMINE*

Eric R. Breslin, Esq.
Melissa S. Geller, Esq.
**Duane Morris LLP**
*A Delaware Limited Liability Partnership*
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey  07102
Tel: 973.424.2000
Fax: 973.424.2001
erbreslin@duanemorris.com

*Attorneys for Jo Ann Crupi*

Defendant Jo Ann Crupi, by and through her undersigned attorneys, respectfully submits this memorandum of law in support of her *motions in limine* to exclude certain evidence expected to be offered by the government at trial.[1]  The fourth of these applications—the motion with reference to the Madoff investors—is made on behalf of all the defendants.

## PRELIMINARY STATEMENT

Federal Rules of Evidence 401 and 403 give this Court the latitude necessary to exclude irrelevant evidence or evidence that is prejudicial, cumulative, misleading, or confusing.  Over the past three weeks, the government has produced a staggering number of documents, exhibits, a 100 page exhibit list, and other materials related to its trial presentation.  We can only speculate as to how much of this material will actually be moved into evidence and what assertions it will be offered to support.  However, even at this early juncture, it is clear that the government intends to offer some evidence that is irrelevant, cumulative, or just plain prejudicial.  We respectfully request that the Court exercise its authority to exclude this improper evidence.

**I.     The Government Should Not Be Permitted to Offer Evidence of the "Proceeds" of Ms. Crupi's Alleged Involvement in the BLMIS Fraud.**

Ms. Crupi believes the government will seek to introduce evidence of her personal finances, her partner's personal finances, and her purchase of a beach house in 2008.  This evidence is irrelevant, prejudicial, and cumulative and should be excluded pursuant to Fed. R. Evid. 401 and 403.

Ms. Crupi and her partner maintained a variety of bank accounts jointly and separately. Ms. Crupi further used bonus money received from Bernard L. Madoff Investment Securities

---

[1] These *motions in limine* are based upon the government's disclosures to date.  They are, by necessity, speculative to a degree.  Additionally, counsel is still processing the entirety of the government's disclosures. As documents are offered into evidence at trial, it is inevitable that further objections will be made in the normal course. Accordingly, Ms. Crupi respectfully reserves the right to raise additional applications regarding the proffered evidence, if and when such motions become necessary and appropriate.

("BLMIS") to purchase a beach house in 2008. The government seems likely to attempt to present evidence as to Ms. Crupi's personal accounts, her partner's accounts, as well as accounts relevant to the purchase of the beach house in 2008. The government also included a reference to the beach house in the indictment. *See* S10 Ind., at ¶ 45.

This evidence bears no possible relevance to the charged crimes, would be unduly prejudicial, and is cumulative of other, more probative evidence that the government may offer. Despite the documentary complexity of this case, the central question in this trial boils down into an inquiry into Ms. Crupi's knowledge and state of mind. She does not, and has never, disputed that she received payments from BLIMS, including salary and bonus payments. Nor does she dispute that she had BLMIS IA accounts at one time or another while employed at BLMIS. While Ms. Crupi did receive funds from BLMIS, what happened to these funds after they left BLMIS and how they were utilized is really beside the point.

Irrelevant evidence or evidence whose prejudicial nature outweighs its relevancy must be deemed inadmissible. Fed. R. Evid. 401, 403. In this regard, so called "expenditure evidence," or evidence of expenditures derived from an alleged criminal act, may not function as "a vehicle by which the government can indiscriminately introduce highly prejudicial evidence of extrinsic acts. . .[that]. . .will often give rise. . .to inferences about the defendant's character." *United States v. Ewings*, 936 F.2d 903, 907 (7th Cir. 1991). Due to the high danger of prejudice inherent in this evidence, it should be excluded where it does "not help to establish the proposition that the defendant committed the offense[.]" *United States v. Ewings,* 936 F.2d 903, 907 (7th Cir. 1991) (expenditure of funds from alleged fraud irrelevant as to defendant's motive to commit the fraud, but relevant to his identity as the perpetrator); *see also Blumberg v. United*

*States,* 222 F.2d 496, 500 (7th Cir. 1955) (evidence of lavish wedding provided to daughter and cash given to groom irrelevant and prejudicial in tax evasion case).

Ms. Crupi's purchase of a beach house fits within no reasonable construct of relevance. It provides no insight into any alleged motive on her part to participate in the fraud at BLMIS for, as the Seventh Circuit noted, the items on a shopping list hardly convey criminal intent. *See Ewings*, 936 F.2d at 906 ("That the defendant went to Las Vegas, or bought a new car, tells us nothing about why he defrauded the insurance companies. [The defendant] might have spent the money the same way had the policies been legitimate. . ."). Nor does the purchase rebut any argument by Ms. Crupi that she never received the money used to buy the beach house. She declared all these funds on her income tax returns and has never attempted to conceal either the purchase or the source of funding.

This evidence serves one purpose alone – to inflame the jury and invite them to see Ms. Crupi as living "the high life" on the backs of Madoff's victims.[2] Such evidence only invites the jury to draw impermissible inferences as to Ms. Crupi's character. *See, e.g., United States v. Lauerson*, No. 98-cr-1134-WHP, 2000 WL 1677931, *2 (S.D.N.Y. Nov. 8, 2000) (Pauley, J.) (unfair prejudice exists where evidence is adduced solely to inflame the minds of the jurors or suggests a decision drawn from an improper basis). Any probative value the Court may be inclined to find in Ms. Crupi's personal expenditures and purchases should be outweighed by these prejudice concerns and is not permitted under the Federal Rules of Evidence. *See* Fed. R. Evid. 403.

---

[2] Certain disclosures in the recent 3500 production by the government suggests that the government intends to call witnesses that will testify as to the personal impact of the BLMIS fraud. So to the extent the government seeks to present the jury with individual investors describing their own personal economic privations, while at the same time introducing evidence of defendant expenditures, it goes too far. It requires no great skill or imagination to try to make a jury angry or resentful in a case such as this, but there is a real question as to whether this tactic serves the ends of justice and basic fairness.

Finally, this evidence is cumulative to the range of other evidence and testimony the government is expected to introduce concerning Ms. Crupi's receipt of money from BLMIS and thus should be excluded irrespective of the above. Fed. R. Evid. 403.

The same holds true for evidence of Ms. Crupi's personal bank accounts, and even more so for her partner's bank accounts. Does the government contend that money used by Ms. Crupi to purchase her children's school supplies is somehow indicative of her intent to participate in Bernard Madoff's massive, complex fraud? What possible relevance could her partner's accounts, even if those accounts did at times contain proceeds from Ms. Crupi's BLMIS salary, bonus, or IA accounts, have on whether Ms. Crupi knew of the fraud at BLMIS? The government will no doubt present evidence that Ms. Crupi received money from BLMIS through BLMIS's own records. The government should not be permitted to needlessly, prejudicially, and cumulatively present this same evidence via Ms. Crupi's personal accounts, much less her partner's bank accounts, an individual who never worked at BLMIS has been not been accused of any wrongdoing.

For these reasons, the government should be prevented from offering evidence as to Ms. Crupi's purchase of a beach house in 2008, as such evidence is irrelevant, prejudicial and cumulative. Additionally, for the same reasons, testimony and exhibits related to Ms. Crupi's and her partner's personal bank accounts should be excluded.

Ms. Crupi also moves to have the reference to her purchase of a beach house stricken from the indictment. *See* S10 Indictment, ¶ 45. As indicated above, this allegation is irrelevant and prejudicial to the charged offenses. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (surplusage from an indictment will be stuck "where the challenged allegations are not

relevant to the crime charged and are inflammatory and prejudicial.") (internal quotations omitted).

## II. Ms. Crupi's Mug Shot is Irrelevant and Prejudicial and Should be Excluded

The government identifies Ms. Crupi's arrest photograph, colloquially referred to as her "mug shot", among the exhibits that it will offer during trial (Exhibit 1000-35). This evidence is simultaneously irrelevant and prejudicial, meriting exclusion under both Fed. R. Evid. 401 and 403.

For a mug shot to be admissible, the government must show some foundational need to introduce the photograph. *See United States v. Oliver*, 626 F.2d 254, 263 (2d Cir. 1980).[3] None exists here. The government offers no grounds on which this evidence could be considered even remotely relevant, so the evidence should be excluded. *See, e.g., United States v. Buchanan*, No. Cr-07-50118-AWB, 2008 WL 2704866, *2 (D.S.D. Jul. 7, 2008) (defendant's mug shot and other arrest photographs of defendant excluded as prejudicial and irrelevant to question of defendant's guilt or innocence.); *see also Summers v. Senkowski*, No. 99-civ-9092-HB 2001 WL 204205 *4 (S.D.N.Y. Feb. 28, 2001) (Baer, J.)) (no reversal where arrest photograph permitted to corroborate testimony, did not expose the jury to defendant's prior criminal record, and where trial court required contemporaneous testimony that all arrested defendants get photographed). Unlike cases where arrest photographs have been admitted, here there is no question of identity (*see, e.g., Oliver*, 626 F.2d at 263), or of Ms. Crupi's appearance at the time of arrest (*see, e.g.,*

---

[3] *Oliver*, like the vast majority of the cases on this subject, dealt with the admission of a mug shot from an arrest unrelated to the current trial. *See* 626 F.2d at 263. The analysis set forth in *Oliver* does not apply where the arrest photograph in question is from the arrest triggering the trial at issue. *See United States v. Mohammed*, 27 F.3d 815, 822 (2d Cir. 1994) (disavowing the Second Circuit test for mug shots when photograph in question is for related arrest). Nevertheless, *Mohammed* dealt with an identification case, in which the photograph was relevant to identifying the perpetrator of the crime. *See id.* at 821-22. *Mohammed* does not permit the wholesale admission of such evidence where it is wholly irrelevant to any issue in the case.

DM1\4131686.1

*Summers*, 2001 WL 204205 *4).  There can be no possible purpose for this evidence except to gratuitously cast Ms. Crupi as a criminal.

In this manner, Ms. Crupi's mug shot is unduly prejudicial. Ms. Crupi's mug shot has every conceivable hallmark of a jailhouse photograph, with the possible exception that she is not holding a ball and a chain.  It shows her up against the wall, next to the tell-tale ruler, in black and white, with poor resolution, looking decidedly miserable.  In short, it *looks* like a mug shot. This photograph is prejudicial in the same way it is prejudicial for defendants to appear in prison uniforms before the jury: it encourages the jury to think of the defendant as a criminal and erodes the presumption of innocence.  *Cf. Estelle v. Williams*, 425 U.S. 501, 503-504 (1976) (compelling defendants to appear before the jury in a prison uniform impairs the most basic presumptions of the criminal system).

This mug shot simply bears no relevance to any disputed issue in this case and should be excluded on this ground alone.  Nevertheless, even should the Court feel the mug shot has some slight relevance, absent some justifiable need for the government to use it, the prejudicial impact of the photograph outweighs its probative value.  The mug shot should thus be excluded under the basic principles established in Rules 401 and 403.

**III.   Duplicative Exhibits in the Government's Exhibit List Should be Inadmissible.**

On August 8, 2013, the government produced a 105-page list of exhibits consisting of direct exhibits and 404(b) evidence along with the exhibits themselves.  All told, the volume of the production exceeded 500 gigabytes and comprised over 700,000 pages of documents.  Many of these proposed exhibits, however, appear to be duplicates.  The use of such duplicate evidence unnecessarily complicates this trial, creates mountains of extra documents that defense counsel must review, and will make it appear to the jury as if the government has substantially more

evidence than it actually does have. We respectfully request that the Court strike all duplicative exhibits and require the government to enter each exhibit once and only once.

Fed. R. Evid. 403 grants broad latitude to the Court to exclude evidence that causes unfair prejudice, confuses the issues, creates undue delay, wastes time, or needlessly presents cumulative evidence, including where proffered exhibits are duplicative. *See, e.g., In re Shell Oil Refinery*, No. Civ.-A-88-1935, Civ. A. 88-2719, 1992 WL 275423, * (E.D. La. Sept. 29, 1992) (ordering revisions to exhibit lists, including removal of duplicates and threatening sanctions if parties fail to comply); *Moskowite v. Evern Cap. Corp. Grp. Disability Income Plan*, No. C-03-4666, 2008 WL 755015, *8 (N.D. Cal. Mar. 20, 2008) (striking exhibits that were duplicative of exhibits already in the administrative record to avoid confusion). In a criminal case, duplication raises additional concerns of prejudice. *Cf. U.S. v. Sablan*, No. 00-cr-00531-WYD, 2006 WL 1028780,*23 (D. Colo. Apr. 18, 2006) (noting that duplication of prior criminal acts in different facets of death penalty hearing could result in prejudicial double counting by jury).

Counsel has not had the time to do a line by line comparison of the government's extensive exhibit list. Nevertheless, we have located significant numbers of exhibits that appear to be exact duplicates of each other. For example, account statements for David Kugel and two other members of his family appear at Exhibit numbers 101-59 to 101-73. Several of these exact statements appear two pages later at 101-131 to 101-139. An examination of these documents shows that they appear to be identical. The government includes Ms. Crupi's personal American Express bills (as opposed to her BLMIS account) at both 208-121 – 208-131 and 208-1 – 208-7. Ms. Crupi's 2004, 2007, and 2008 tax returns appear twice as well at 500-6 – 500-8 and 500-57, 60, and 61.

We respectfully request that any duplicative exhibits be deemed inadmissible and that the government should be required to enter each identical document into evidence only once.

### IV. Irrelevant and Prejudicial Evidence of Victim Impact Unrelated to the Defendants Should Be Excluded.

Ms. Crupi and the other defendants believes that the government intends to call certain of Madoff's victims to the stand, several of whom may be people of note, or known by reputation, to the jury. Many, if not all, of these potential witnesses' previous statements to the government evidence no actual, personal contact with any of the defendants. These witnesses, we must presume, will be offered solely to present testimony as to the impact the Madoff fraud has had on their individual lives and financial circumstances. Since the underlying Ponzi scheme engaged in by Bernard Madoff is not disputed, this victim evidence has no relevance to the case against the defendants and is offered solely to inflame the jury. It would be prejudicial and inappropriate. *See United States v. Sokolow*, 91 F.3d 396, 406-07 (3d Cir. 1996) (attempting to highlight personal tragedies of the victims irrelevant and prejudicial).

While no blanket ban exists on victim impact testimony at trial, that testimony needs to be offered for an appropriate purpose and should be confined and narrowly tailored to achieve that purpose. *See United States v. Rand*, No. 3:10-cr-182, 2011 WL 4914962, *3-4 (N.D.N.C. Oct. 17, 2011). Victim impact testimony not going directly to an issue in dispute is prejudicial and should be excluded. *See, id.* (excluding evidence offered as to victim's loss because the loss was not relevant to issues in the case and discussing cases); *see also United State v. Copple*, 24 F.3d 535, 544 (3d Cir. 1994) (Finding that evidence as to loss was admissible to show intent to defraud where defendant directly involved with victims and refused requests to make good from fraud, but evidence as to impact of loss on victims was irrelevant and prejudicial.).

Here, unlike in *Copple* where limited victim testimony as to loss was permitted, the defendants had little or no direct connection or personal contact with the overwhelming majority of any of these possible witnesses. *See Rand*, 2011 WL 4914962, *3-4 (discussing and distinguishing cases permitting victim loss testimony). Nor do the defendants dispute that there was a fraud or that Bernard Madoff *intended* to commit a fraud. *See id.* Thus, testimony by victims that had no connection, communication, or dealings with any of the defendants just has no relevance to this case.

Additionally, any slight relevance would be outweighed by the prejudicial nature of the evidence. Victims on the stand describing the loss of some their life savings because of Bernard Madoff is transparent; a tact designed solely to inflame the jury and persuade them to punish, for the sake of punishment, not because of a balanced consideration of the proofs.[4] There are Madoff investors that are undeniably worthy of sympathy. This does not permit the government to play on that sympathy to obtain convictions. The government should be required to present only evidence relevant to these defendants.

In this regard, we respectfully request the Court exclude testimony by any witness that cannot present evidence of contact or communication directly with one of the defendants. We further request that any witness testifying be confined to testimony relevant to the crimes and not be permitted to digress to prejudicial and irrelevant victim impact testimony.

---

[4] And there is a practical issue here as well. If the government puts an aggrieved investor on the stand to describe his or her loss, will evidence be permitted as to how much that investor has recovered from SIPC or how much they may in the future recover from the efforts of Mr. Picard, or how much they withdrew from their accounts over the life of the investment? We could have a series of mini-trials on the economic circumstances of the government's witnesses, or we could actually try this case.

10

## **CONCLUSION**

For all the reasons set forth above, Ms. Crupi respectfully appeals to this Court for an order excluding certain evidence and exhibits we anticipate being offered by the government at trial.

Dated: Newark, New Jersey
August 28, 2013

                                                  */s/ Eric R. Breslin*
                                                Eric R. Breslin, Esq.
                                                Melissa S. Geller, Esq.
                                                **DUANE MORRIS LLP**
                                                One Riverfront Plaza
                                                1037 Raymond Blvd., Suite 1800
                                                Newark, New Jersey 07102
                                                Telephone: 973.424.2000
                                                Facsimile: 973.424.2001
                                                *Attorneys for Defendant JoAnn Crupi*