```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA                      :
                                              :   AMENDED CONSENT PRELIMINARY
        -v.-                                  :   ORDER OF FORFEITURE AS TO SPECIFIC
                                              :   PROPERTY/MONEY JUDGMENT
JOANN CRUPI,                                  :
        a/k/a "Jodi,"                         :   S10 10 CR. 228 (LTS)
                                              :
                Defendant.                    :
                                              :
------------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                Plaintiff,                    :
                                              :   10 Civ. 4857 (LTS)
        -v.-                                  :
                                              :
JOANN CRUPI,                                  :
        a/k/a "Jodi," et al.                  :
                                              :
                Defendants.                   :
                                              :
------------------------------------------------------------x
```

WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of 15

1

U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $33,947,549,355 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the

2

amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, in a separate civil action, *United States* v. *Joann Crupi, a/k/a "Jodi," et al.*, 10 Civ. 4857 (LTS) (S.D.N.Y.) (the "Civil Forfeiture Action"), the United States is seeking money judgments against the defendant and Judith G. Bowen and the forfeiture in rem of certain items of real and personal property;

WHEREAS, on August 1, 2014, in connection with the Civil Forfeiture Action, the real property and appurtenances known as 1081 Barnegat Lane, Mantoloking, New Jersey, shown on the municipal tax map of the borough of Mantoloking, Ocean County, New Jersey, as Lot 33, Block 24 (the "Mantoloking Real Estate") was sold pursuant to a Stipulation and Order of Interlocutory Sale of Real Property, Docket Item 34 in the Civil Forfeiture Action ("Interlocutory Sale Order"), and pursuant to the Interlocutory Sale Order, the proceeds of the sale (the "Mantoloking Funds") were transferred to the custody of the United States as a substitute res for the Mantoloking Real Estate pending the conclusion of the Civil Forfeiture Action;

WHEREAS, on December 15, 2014, the defendant was sentenced and ordered to forfeit $33,947,549,355 in United States currency, representing the proceeds of her participation in the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, and a second money judgment of $3,417,804.26 in United States currency, representing the proceeds of her participation in the offenses charged in Counts Sixteen and Seventeen of the Indictment, as well as all her right, title, and interest in the Mantoloking Funds; in 63 percent of the value of the real property and appurtenances known as 436 Grove Street, Westfield, New Jersey, 07090, shown on the tax map of the township of Westfield, Union County, New Jersey, as Block 4204, Lot 8.02 (this amount the "Westfield Property," the full real property the "Westfield Real Estate"); and in

3

certain funds and other property in Account No. 785-870624 at TD Ameritrade, held in the name of Judith Gail Bowen (the "0624 Account"), Account No. 7850351268 at TD Bank, held in the name of JoAnn Crupi or Judith G. Bowen (the "1268 Account"), Account No. 7870002792 at TD Bank, held in the name of Judith G. Bowen (the "2792 Account"), IRA Account No. 786-065391 at TD Ameritrade, held in the name of JoAnn Crupi (the "5391 Account"), and funds held on account for JoAnn Crupi by Duane Morris LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1800, Newark, NJ 07102-5429 excluding those earned but not drawn as of December 21, 2010 (the "Duane Morris Funds"); all to the extent that such right, title and interest was acquired on or after January 1, 2002, with funds transferred by Madoff Securities to or for the benefit of the defendant on or after January 1, 2002 (the "Preliminary Order of Forfeiture");

WHEREAS, the Government initially sought forfeiture of funds from Account No. 7850349338 at TD Bank (the "9338 Account"), held in the name of Judith G. Bowen, but ultimately withdrew its claim to forfeiture of that account based on information provided by Judith G. Bowen regarding the source of the funds in that account;

WHEREAS, the Government represents that it intends to seek forfeiture of all right, title, and interest of the defendant in the remaining value of the Westfield Real Estate and in the full value of the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds as substitute assets;

WHEREAS, Judith G. Bowen represents that she intends to file a petition asserting her interest in the Westfield Real Estate, the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds, and intends to reside in the Westfield Real Estate with her minor children;

WHEREAS, Duane Morris LLP represents that the amount of the Duane Morris funds is $62,313.08;

WHEREAS, on April 11, 2011, Bank of America advised the defendant and Judith G. Bowen that the Trustee for the bankruptcy estate of Bernard L. Madoff Investment Securities caused Bank of America to return $289,000 in payments previously made on the mortgage on the Westfield Real Estate, thereby increasing the value of Bank of America's encumbrance of the Westfield Real Estate by $289,000 (this increased encumbrance the "Westfield Trustee Encumbrance");

WHEREAS, the Government, the defendant, and Judith G. Bowen intend to resolve the matters consensually and agree to the forfeiture of the Mantoloking Funds as proceeds of the offenses; the forfeiture of 50% of the value of the 0624 Account (the "0624 Substitute Asset"), 50% of the value of the 1268 Account (the "1268 Substitute Asset"), 50% of the value of the 2792 Account (the "2792 Substitute Asset"), 50% of the value of the 5391 Account (the "5391 Substitute Asset"), and $31,156.04 drawn from the Duane Morris Funds (the "Duane Morris Substitute Asset") as substitute assets; the forfeiture of any right, title, or interest the defendant or Judith G. Bowen may have in the Westfield Trustee Encumbrance as a substitute asset; the release of the Government's interest in all of the Westfield Real Estate beyond the Westfield Trustee Encumbrance; the release of the Government's interest in the remainder of the accounts; and the dismissal of the Civil Forfeiture Action;

IT IS HEREBY ORDERED THAT:

1. As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $33,947,549,355 in United States currency (the "First Money

Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States v. Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States v. Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States v. DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2. As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3. As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Mantoloking Funds is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4. As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the 0624 Substitute Asset, the 1268 Substitute Asset, the 2792 Substitute Asset, the 5391 Substitute Asset, the Duane Morris Substitute Asset, and the Westfield Trustee Encumbrance (collectively the "Substitute Assets") is hereby forfeited to the United States as substitute assets for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

5. The defendant and Judith G. Bowen agree not to file any claim or petition for remission or mitigation in any proceeding involving the forfeiture of the Mantoloking Funds or the Substitute Assets (collectively the "Specific Property") or to assist any other person in doing so.

6. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Government shall release its interest in the Westfield Real Estate (except the Westfield Trustee Encumbrance) and consent to Judith G. Bowen retaining full title to all of the equity in the Westfield Real Estate, and shall release its interest in the 9338 Account and the remaining funds in the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds (the "Released Accounts"), which shall be returned to Judith G. Bowen.

7. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, Duane Morris shall transmit the Duane Morris Substitute Asset (i.e., $31,156.04 of the Duane Morris Funds) to the United States in the manner set forth in paragraph 17, below. This payment shall satisfy all obligations of Duane Morris to the United States regarding the Duane Morris Funds, and the United States's claim to the remainder of the Duane Morris Funds (i.e., $31,156.04) shall be withdrawn with prejudice.

8. The Civil Forfeiture Action is hereby dismissed with prejudice, with each side bearing its own costs and attorney's fees.

9. The defendant and Judith G. Bowen are hereby barred from asserting any claim against the United States of America, the Department of Justice, the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigations, or the United States Marshals Service, or any agents or employees of the above (the "Released Parties"), in connection

7

with the seizure, possession, or attempt to forfeit the Specific Property, the Westfield Real Estate, or the Released Accounts, or with the litigation of the Civil Forfeiture Action, including without limitation any claim for attorney's fees or costs or any claim that any such actions were taken without probable cause.

10. Judith G. Bowen represents that, apart from any interest formerly possessed by the defendant, she is the sole owner of the equity in the Westfield Real Estate and the Released Accounts, and agrees to hold harmless the Released Parties from any and all third-party claims of ownership of the Westfield Real Estate or the Released Accounts.

11. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

12. Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Mantoloking Funds, the 0624 Substitute Asset, the 1268 Substitute Asset, the 2792 Substitute Asset, the 5391 Substitute Asset, and the Duane Morris Substitute Asset (collectively the "Seizure Property") and hold the Seizure Property in its secure custody and control.

13. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

14. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

15. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

16. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed. If finally forfeited to the United States, the Specific Property shall be applied in partial satisfaction of the Money Judgments.

17. All payments on the outstanding Money Judgments shall be made by postal money order, bank or certified check, or law firm check made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St.

Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

18. Upon execution of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgments in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

19. This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is without prejudice to the return of any payments made on the Money Judgments should the outcome of any appeals or related proceedings result in the final vacatur of both the Money Judgments.

20. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

21. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

22. The Clerk of the Court shall forward three certified copies of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, One St. Andrew's Plaza, New York, New York, 10007.

23. This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____     4/7/2015
PAUL M. MONTELEONI                        DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2219

_____           4/4/15
JOANN CRUPI                               DATE
DEFENDANT

_____           4/4/15
JUDITH G. BOWEN                           DATE

_____           DATE
ERIC R. BRESLIN, ESQ.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429
Tel.: (973) 424-2063
*Attorney for JoAnn Crupi and Judith G. Bowen*

SO ORDERED:

_____           DATE
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

11

23. This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____        _____
    PAUL M. MONTELEONI                      DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219


_____              _____
JOANN CRUPI                                  DATE
DEFENDANT


_____              DATE
JUDITH G. BOWEN                              _____
                                             4/15/15
                                             DATE
ERIC R. BRESLIN, ESQ.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429
Tel.: (973) 424-2063
*Attorney for JoAnn Crupi and Judith G. Bowen*

SO ORDERED:


_____              _____
HONORABLE LAURA TAYLOR SWAIN                 DATE
UNITED STATES DISTRICT JUDGE

11