NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
TAIWAN
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

ERIC R. BRESLIN
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
E-MAIL: ERBreslin@duanemorris.com

*www.duanemorris.com*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

May 25, 2019

VIA ECF

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

### Re: United States v. Crupi, 10-cr-228 (LTS)

Dear Judge Swain:

We are the attorneys for JoAnn Crupi.

We write to respectfully request a modification of the terms of Ms. Crupi's Supervised Release. Specifically, we request that the 24-month period of home confinement be modified so that Ms. Crupi does not have to wear an ankle bracelet going forward. Such a restriction is unnecessary and will interfere with Ms .Crupi's employment. It could also interfere with her ability to care for her two children and act as a fully functioning and contributing member of her family.

Ms. Crupi was sentenced to a period on incarceration of sixty months followed by 4 years of Supervised Release. As a Special Condition of Supervised Release, Ms. Crupi was sentenced to 24 months of home detention, subject to the terms and conditions set by the Probation Officer.

Ms. Crupi has now served his custodial sentence and was released to a halfway house on December 4, 2018. Ms. Crupi was a model prisoner during the period of her incarceration. She participated in the BOP's RDAP program, completed it successfully, and was subject to no disciplinary incidents at all.

DUANE MORRIS LLP  A DELAWARE LIMITED LIABILITY PARTNERSHIP            GREGORY R HAWORTH, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800            PHONE: +1 973 424 2000   FAX: +1 973 424 2001
NEWARK, NJ 07102-5429
DM1\9642347.2

# DuaneMorris

Honorable Laura Taylor Swain
May 25, 2019
Page 2

Since being released to the halfway house, Ms. Crupi has been fortunate enough to find full-time employment – as a teacher's aide at Windsor School, a school for special needs children. She has also resumed her role as parent, becoming active in the academic and extracurricular lives of her two sons, Luke and Timothy. Ms. Crupi has been reunited with her spouse, Ms. Bowen and we are happy to report to Your Honor that the family remains intact and committed.

Ms. Crupi earned home confinement from the halfway house on January 11, 2019. Ms. Crupi is not required to wear an ankle bracelet at (or away from) the halfway house. Indeed, no ankle bracelet is required despite the fact that Ms. Crupi is now permitted to stay at home 7 days a week, and to report to the halfway house (briefly) only twice a week.

As of May 28, 2019, however, Ms. Crupi will be released from the halfway house (which is still considered BOP custody), and will begin serving her period of Supervised Release. We understand that the practice of the Probation Department may be to require any defendant with a special condition of home detention to wear an ankle bracelet on a 24/7 basis.

We write to ask the Court to modify the terms of Ms. Crupi's Special Conditions of Supervised Release, so that she is not required to wear an ankle bracelet for the first year of this period. The reason for this request is that (1) the wearing of a bracelet is entirely unnecessary, as there is really no conceivable risk of flight or disobedience by Ms. Crupi and (2) Ms.Crupi suffers from an autoimmune condition (for which she was hospitalized for four days in January) that prevents wounds from healing normally, and and the constant rubbing caused by the bracelet could result in an outbreak, and (3) the wearing of an ankle bracelet will severely and negatively impact her ability to perform his job duties and care for her children and her spouse. The children are older now and have more activities, some of which start earlier and run later and are further away from home. One of the boys is a member of a travel soccer team and the other is active in wrestling. Both activities require a lot of travel for games, matches, and tournaments. Ms. Crupi's spouse works full time. It would be advantageous for the family and the children if Ms. Crupi had the flexibility to fulfill both her roles as employee and parent, and continue to address her health concerns with the best care possible.

Accordingly, we respectfully ask that the Court grant this request, and enter an order modifying Ms. Crupi's supervised release. We note that under Fed. R. Crim. P. 32.1(2)(B), no hearing is necessary as to this application, because it is a proposed change in the defendant's favor. We thank the Court for its consideration of this request.

*The foregoing modification application is granted. DE # 1526 resolved.*

SO ORDERED:

Respectfully,

/s/

Eric R. Breslin

All Counsel of Record (Via ECF)

DM1\9642347.2