UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                                                                     No.  10-CR-228-LTS

JOANN CRUPI,

        Defendant.

-------------------------------------------------------x

## ORDER

Defendant Joann Crupi has moved for early termination of her supervised release term.  (Docket Entry No. 1547.)  Ms. Crupi was found guilty after trial on thirteen fraud- and tax-related counts and was sentenced principally to 72 months of imprisonment, to be followed by a 4-year supervised release term with a special condition of two years of home detention.  (Docket Entry No. 1243.)  Ms. Crupi's supervised release commenced on May 28, 2019.  (Docket Entry No. 1548 at 2.)  To date, Ms. Crupi has served 12 months of her supervised release term.  Both the Government and the Probation Office oppose Ms. Crupi's motion.  (Docket Entry No. 1555.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Ms. Crupi's motion is denied without prejudice.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.A. § 3583(e)(1) (Westlaw through P.L. 116-145).  "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's

ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (internal quotation marks omitted).

Ms. Crupi has moved for early termination of her supervised release on the grounds that she has fully complied with all the terms and conditions and because the terms and conditions constrain her ability to participate in her sons' out-of-state extracurricular activities and her ability to assume more responsibility at work, which may require her to remain in the office beyond curfew. (Docket Entry No. 1548.)

While the Court commends Ms. Crupi for her compliance with the terms of her supervised release, "this alone cannot be sufficient reason to terminate the supervised release." U.S. v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). After all, "full compliance with the terms of supervised release is what is expected of [her] and all others serving terms of imprisonment and supervised release and does not warrant early termination." U.S. v. Rasco, No. 88 Crim. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). Ms. Crupi is only a quarter of the way into a lengthy supervised release period that was imposed in connection with "a very substantial variance from the [custodial] guidelines sentence," made to address (among other things) the family ties and responsibilities that Ms. Crupi cites as a basis for terminating her supervised release term. (Sentencing Transcript, Docket Entry No. 1478, at 86:13-14, 87:3-20.) Further, because Ms. Crupi has only completed a quarter of her supervised release term and an even smaller fraction of her required community service hours, she has not "substantially

satisfied the requirements" of her supervised release.  Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c).  Therefore, the Court, having considered the factors set forth in both the Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c), and in 18 U.S.C. § 3553(a), concludes that early termination of Ms. Crupi's supervised release is not in the interest of justice because Ms. Crupi has not "substantially satisfied the requirements" of her supervised release and because there remains an ongoing need for further promotion of respect for the law in light of the substantial variance applied in fashioning her custodial sentence.

For these reasons, Ms. Crupi's motion for early termination is denied without prejudice to reapplication 18 months from the date of this decision or after completing 200 hours of community service, whichever is later.  The Court does, however, hereby modify Ms. Crupi's home detention condition to allow a curfew of 11:00 p.m. to 6:00 a.m. (or such other parameters as may be approved by the Probation Officer in order to facilitate Ms. Crupi's work schedule and activities in connection with her children's academic and athletic commitments).  Ms. Crupi's supervised release is further modified to permit, with prior approval of the Probation Officer, out-of-state travel for her children's academic and athletic activities.

Because the Court is modifying the terms of Ms. Crupi's supervised release in her favor, the Court is not required to hold a hearing.  Fed. R. Crim. P. 32.1(c)(2)(B)("A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of probation or of supervised release"); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").

Docket Entry Nos. 1547 and 1555 are resolved.

SO ORDERED.

Dated: New York, New York
       June 24, 2020

                                                   /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge